James W. BROOKS, Jr.,
Plaintiff–Appellant,

v.

MONTGOMERY COUNTY BOARD OF
COUNTY COMMISSIONERS, et
al., Defendants–Appellees.

No. 01–3390.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2001.

Before MOORE and COLE, Circuit
Judges; O'MEARA, District Judge.*

### ORDER

This is a direct appeal from a summary judgment for the defendant employer in this race discrimination in employment action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, James Brooks, Jr., filed a complaint against his employer, the Montgomery County [Ohio] Sanitation Department, alleging that the Sanitation Department had illegally denied Brooks a promotion, equal pay, and training opportunities in violation of Title VII and supplemental Ohio law. The district court eventually granted summary judgment for the defendants on all claims and this appeal followed.

Brooks indicates in his appellate brief that he takes issue with the judgment in its entirety and, specifically, he wishes to present additional facts to this court not presented in the district court. This court will review de novo a decision to grant summary judgment, *see, e.g., Richardson v. Township of Brady,* 218 F.3d 508, 512 (6th Cir.2000), and will affirm a grant of summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). This court will analyze the evidence and draw all reasonable inferences therefrom in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). This court will not entertain, however, facts or issues not presented to the district court. *Wright v. Holbrook,* 794 F.2d 1152, 1157 (6th Cir.1986); *Howard v. Pierce,* 738 F.2d 722, 723 n. 2 (6th Cir.1984). An examination of the record and law, one made without reference to the proposed factual additions, supports the decision on review.

In 1997, African–American James Brooks, Jr., was employed as a Maintenance Mechanic I for the Montgomery County Sanitation Department ["the Department"] when he applied for two different promotions to Maintenance Mechanic II. The Department received three appli-

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

cations for the first position, one from Brooks and two from Caucasian males John Ryan and William Wolfe. The position was to be filled according to the results of a skills test and an interview with a panel of supervisors. The evidence of record shows that one of the Caucasian males, John Ryan, achieved the highest grade in both the skills test and the interview and so was chosen to fill the first position. The second position was transferred to another section within the Department after it had been advertised but before it had been filled by Brooks or anyone else in his section.

Brooks subsequently filed a complaint in federal court, based exclusively on the failure to award him either of the two promotions, against the Department, the Montgomery County Board of Commissioners and two individual Department supervisors. Brooks alleged that the actions of the defendants amounted to the Ohio torts of negligent and intentional infliction of emotional distress and race discrimination as well as a federal violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*). The district court eventually granted the defendants' motion for a summary judgment on all claims for relief. The court first concluded that the Ohio tort claims lacked merit both on the facts and as a matter of law. The court also found that the defendants deserved summary judgment on the federal claims as Brooks did not rebut their racially neutral, non-pretextual business reasons for the decisions at issue. Brooks took an appeal from this decision in which he wishes this court to review the entire decision and to consider additional factual allegations concerning the fairness of the skills test and interviews.

Upon consideration, the district court's decision will be affirmed for the reasons stated in the comprehensive decision entered by the district court on March 19, 2001.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.